FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

97 APR - 1  AM 9: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ELEISIA BAKER, | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-96-N-0542-W |
| | ] | |
| THE BOARD OF TRUSTEES OF | ] | |
| THE UNIVERSITY OF ALABAMA | ] | |
| and MOLLY LAWRENCE, in her | ] | |
| individual and official | ] | |
| capacity, | ] | |
| | ] | |
| Defendant(s). | ] | |

ENTERED

APR 1 1997

## Memorandum of Opinion

## I.    Introduction.

In this employment discrimination action, the plaintiff, Eleisia Baker ("Baker"), brings suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), 42 U.S.C. § 1981, 42 U.S.C. § 1981(a), and 42 U.S.C. § 1983. The matter is presently before the court on the defendants' motion to dismiss Molly Lawrence as a party defendant in both her individual and official capacities, filed on February 18, 1997. The motion has been briefed by the parties and, upon due consideration, will be granted.

## II.    Procedural History.

The plaintiff filed her original complaint in this action on February 28, 1996, asserting claims against defendants Board of Trustees of the University of Alabama (the "Board") and Molly Lawrence in her individual and official capacities ("Lawrence") pursuant to Title VII,

section 1981, section 1981(a), and section 1983.  On March 5, 1996, the court entered an order dismissing claims against Lawrence in her individual and official capacities because a plaintiff may not assert a Title VII claim against an individual defendant and because claims against public officials in their official capacities are in fact claims against the governmental body for whom those officials are employed.

On March 7, 1996, the plaintiff filed a motion for partial reconsideration of the court's order, which the court granted on March 18, 1996, conditioned upon the plaintiff's submission within seven days of a proposed amendment that clearly set forth the claims the plaintiff sought to assert against Lawrence and in what capacity the plaintiff sought to hold Lawrence liable.  Baker failed to respond to the court's order; therefore, on April 4, 1996, 10 days after the deadline for the plaintiff's amended complaint, the court entered an order dismissing with prejudice all claims against Lawrence in her individual and official capacities.

On May 17, 1996, fifty-three days after the deadline, the plaintiff filed a first amended complaint.  The amended complaint was identical to the original complaint with the exception that paragraph five contains an additional sentence clarifying that Baker brings claims against Lawrence pursuant only to sections 1981 and 1983.[1]  The defendants filed their answer on June 24, 1996.

---

[1]This is but one more example of the failure of a lawyer to tend to her client's business.  As noted, when it was finally filed the amended complaint added one very short and simple sentence.  It could have taken no more than fifteen minutes in preparation.  Plaintiff's counsel has offered absolutely no explanation for her disregard of the court's order.

2

### III.   Allegations of the Complaints.

The plaintiff makes identical factual allegations in both the original and amended complaints.  She contends that the defendants discriminated and retaliated against her because of her race in that they failed to promote her and refused to provide her the same opportunities for training, professional development, and access to departmental meetings that they did her professional peers.  *Complaint* at 2-3; *Amended Complaint* at 2-3.

### IV.   Discussion.

#### A.   Res Judicata.

The defendants assert that Lawrence should be dismissed as a party defendant because Baker's claims against Lawrence are barred by the doctrine of res judicata.  *See Defendants' Brief in Support of Motion to Dismiss* at 1-3.  Res judicata is a "doctrine of claim preclusion; it refers to 'the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit.'" *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984)).  With respect to the doctrine of res judicata, federal courts apply the law of the state in which they sit.  *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990).  Under Alabama law, the elements of res judicata are: "'(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits.'" *Id.* (quoting *Hughes v. Allenstein*, 514 So. 2d 858, 860 (Ala. 1978)).

In the instant case, all four elements of the doctrine are met.  First, a dismissal with prejudice "operates as a judgment on the merits unless the court specifies otherwise."

*Hart,* 787 F.2d at 1470 (citing Fed. R. Civ. P. 41(b)). The court dismissed all claims against

Lawrence with prejudice on April 4, 1996, and did not specify that the dismissal was not

a judgment on the merits. Second, the court had jurisdiction over the case pursuant to 28

U.S.C. § 1331 as it was brought pursuant to federal statutes. Third, there is "substantial

identity of the parties" as the same parties are named in both the original and the amended

complaints. Finally, claim preclusion "extends not only to the precise legal theory

presented in the previous litigation, but to all legal theories and claims arising out of the

same 'operative nucleus of fact.'" *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir.

1984). Both of Baker's complaints present the same factual allegations. The only difference

in the two is that the amended complaint clarifies that the claims against Lawrence are

brought pursuant only to sections 1981 and 1983 and not to Title VII or section 1981(a). The

theories of liability on the part of Lawrence are diminished in the amended complaint, yet

all theories of liability arise from the same "operative nucleus of fact." Therefore, the fourth

element of res judicata is met.

In support of her right to reinstate Lawrence as a party defendant, the plaintiff first

claims that the court's April 4, 1996, order did not dismiss the claims against Lawrence

pursuant to sections 1981 and 1983 because "these claims had not been specifically pled

in the original complaint." *Plaintiff's Response to Defendants' Motion to Dismiss* at 2, ¶ 3.

Baker therefore contends that these claims have not been barred by the doctrine of res

judicata. *Id.* The court's April 4, 1996, order, however, states that "*all* claims against the

defendant Molly Lawrence in both her individual and official capacities [are] . . . dismissed

with prejudice." *Court's Order of April 4, 1996* at 1 (emphasis added). Because the

4

original complaint brought suit against the defendants pursuant to Title VII, section 1981, section 1981(a), and section 1983, all of these claims were dismissed with prejudice and are thus presently barred by the doctrine of res judicata.

### B. Rule 15(a) of the Federal Rules of Civil Procedure.

Baker next contends that even if the court did intend to dismiss the sections 1981 and 1983 claims against Lawrence, the court "could not properly do so without violating the plaintiff's rights under Rule 15 of the Federal Rules of Civil Procedure." *Plaintiff's Response* at 2, ¶ 4. Rule 15(a) allows a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . ." While it is true that Baker filed her amended complaint before the defendants filed their answer, the claims Baker asserts against Lawrence are nevertheless barred by the doctrine of res judicata. Such a result is unaffected by Rule 15. The court's April 4, 1996, order acted as a judgment on the merits of the plaintiff's claims against Lawrence. Baker could have amended her complaint prior to April 4, 1996, asserting specific claims against Lawrence. In fact, the court's March 18, 1996, order gave her that very opportunity, yet she failed to do so. After April 4, 1996, she could, pursuant to Rule 15, amend her complaint as it pertains to the remaining defendant, the Board, but she may not resurrect the dismissed claims against Lawrence.

### V. Conclusion.

Accordingly, the claims asserted against defendant Molly Lawrence in her individual and official capacities are barred by the doctrine of res judicata. The defendants' motion to dismiss will therefore be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this _____ of April, 1997.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

6